# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 1:08CR00037 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DEDRA CAROL SPAFFORD,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Dedra Carol Spafford, Pro Se Defendant.*

Defendant Dedra Carol Spafford submitted an untitled letter to the court, seeking a reduction in her 108-month prison sentence, based on recent court decisions, post-conviction remediation efforts, and family issues. After review of the motion and the record, given the nature of the defendant's claims, I find that Spafford's submission is properly construed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and summarily dismissed under § 2255(h) as successive.[1]

Spafford pleaded guilty on January 9, 2009, pursuant to a written Plea Agreement, to conspiring with her husband to possess and distribute controlled substances. Under the agreement, she received a reduction for acceptance of

---

[1] Under Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings" that the defendant is not entitled to relief.

responsibility and dismissal of other charges. I sentenced Spafford to 108 months in prison, and she did not appeal.

In limited circumstances not present here, the court may modify a term of imprisonment based on certain events that occur after the sentence is imposed. *See* 18 U.S.C. § 3582(c); Fed. R. Crim. P. 35. These circumstances include a motion by the government for reduction of the defendant's sentence based on substantial assistance, a post-sentencing change in the guideline under which the defendant was sentenced, or a motion filed by the Bureau of Prisons, seeking an inmate's release for compassionate reasons. Spafford does not state facts indicating that any of these circumstances have occurred in her case.

Spafford offers no authority other than § 2255 on which I could revisit her sentence, based on the issues she raises in this motion. As Spafford previously utilized her one opportunity to pursue claims under § 2255, *United States v. Spafford*, Case No. 1:08CR00037-002, 2010 WL 2991034 (W.D. Va. 2010), *appeal dismissed*, 406 F. App'x 816 (4th Cir. 2011) (unpublished), I find that her current claims are successive.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. *See* § 2255(h). Spafford offers no indication that she has obtained certification from the court of appeals to

file a second or successive § 2255 motion.  Therefore, while I commend Spafford on her documented efforts to rehabilitate and educate herself while incarcerated and her stated intention to change her life for the better, I cannot grant the relief she seeks here.  I must dismiss her current action without prejudice.

A separate Final Order will be entered herewith.

DATED:  April 8, 2014

/s/  James P. Jones
United States District Judge